UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Ernest Kelly Holestine, | Case No.: 3:18-cv-2094-AJB-WVG |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (Doc. No. 31)** |
| R.J. Donovan Correctional Facility, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion for a temporary restraining order to enjoin his transfer to a mental hospital and other retaliatory acts against Plaintiff. (Doc. No. 31.) For the reasons stated herein, the Court **DENIES** Plaintiff's request for a TRO.

## I.   BACKGROUND

After Plaintiff was assaulted by another inmate, Plaintiff received emergency surgery. (Doc. No. 31 at 5.) Plaintiff believes that the assault was orchestrated by RJ Donovan's correctional officers in retaliation for Plaintiff's participation in an investigation regarding staff misconduct. (*Id.*) Plaintiff also complains of other retaliatory behavior by the officers, including restricted access to the law library, and now an involuntary transfer to a state mental hospital. (*Id.*)

## II.   LEGAL STANDARDS

To obtain a temporary restraining order "a party must demonstrate either:

(1) probable success on the merits and irreparable injury; or (2) sufficiently serious questions going to the merits to make the case a fair ground for litigation, with the balance of hardships tipping decidedly in favor of the party requesting relief." *Makua v. Rumsfeld*, 163 F. Supp. 2d 1202, 1215 (D. Haw. 2001). The hardship evaluation calls upon the Court to balance competing claims of injury and the effect that a grant or denial of injunctive relief would have on the parties and the public interest. *Sierra Club v. Penfold*, 857 F.2d 1307, 1318 (9th Cir. 1988).

### III.  DISCUSSION

Plaintiff filed a TRO to (1) prevent Defendants from transferring Plaintiff to the state mental hospital; (2) investigate Plaintiff's allegations of staff misconduct; and (3) enjoin Defendants from retaliation against Plaintiff. (Doc. No. 31 at 1.)

Plaintiff argues the threat against him is irreparable because he believes he has shown that he was not only injured by another inmate, but that he submitted declarations stating it was orchestrated by the officers. (*Id.* at 7.) He also argues he is imminently facing a transfer to a mental hospital. (*Id.*) Both, he asserts, are First, Eighth, and Fourteenth Amendment violations.

Defendants argue that there is no connection between the complaint and the relief requested in the TRO. (Doc. No. 35 at 4.) Plaintiff's complaint alleges discrimination by Defendants due to his mental disabilities by excluding him from "academic[s], work, and credit-earning services, programs, and activities." (Doc. No. 1 ¶ 16.) Thus, Plaintiff's theory that he is being transferred in retaliation for his participation in staff misconduct investigations is unrelated to his complaint. As Defendants note, a complaint filed in federal court should not be used to air any number of grievances. (Doc. No. 35 at 6 (quoting *Ellis v. Benedetti*, No. 3:08-CV-00657-MMD, 2013 WL 5947359, at *1 (D. Nev. Nov. 4, 2013) (stating an inmate "may not file an action in federal court and then use the action as a forum to air unrelated grievances.")).) Rather, Defendants assert Plaintiff should exhaust his administrative remedies by filing a grievance with the prison, then filing a new action if necessary. (*Id.*) The Court agrees. Nevertheless, the Court will address the merits of

Plaintiff's TRO.

Defendants present two arguments under the first TRO prong. First, Defendants argue that Plaintiff was transferred to a state mental system because Plaintiff's medical team thought it would be in his best interests. (*Id.*) Second, Defendants state that they do not have unilateral authority to transfer Plaintiff out of Donovan—a decision that can only be made by Plaintiff's "Interdisciplinary Treatment Team (comprised of mental health professionals)." (*Id.*) This can only be done upon recommendation and after a due process hearing ("*Vitek* hearing") is given. (*Id.*) The Court finds these arguments compelling.

First, Defendants present justifiable reasons Plaintiff was transferred to a state mental facility. (Doc. No. 35 at 5–6.) The *Vitek* panel determined "Plaintiff to be in need of an increased level of care from the DSH." (*Id.* at 5.) Defendants note Plaintiff's "depression and PTSD were worsening over time, impairing his ability to function properly within CDCR's Mental Health Delivery System." (*Id.* at 4.) This shows Defendants had legitimate, non-retaliatory reasons for his transfer. Second, Plaintiff's theory that he is being transferred in retaliation cannot stand knowing the facts precipitating his transfer. Defendants submitted declarations stating they did not have unilateral control over his transfer, as a panel of his treating mental health physicians were the ones to make those decisions without Defendants' input. Thus, the Court finds Plaintiff is likely to lose on the merits of his retaliation claim.

## IV. CONCLUSION

Because the Court finds that it likely does not have jurisdiction over the unrelated arguments in this TRO, and because the Court finds Plaintiff is not likely to win on the merits of a retaliation claim in this instance, the Court **DENIES** Plaintiff's motion for a TRO. (Doc. No. 31.)

**IT IS SO ORDERED.**

Dated: April 16, 2019

Hon. Anthony J. Battaglia
United States District Judge